VICTOR SAMPIETRO *v.* BOARD OF FIRE COMMISSIONERS OF THE TOWN OF WEST HAVEN ET AL.
(12706)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, JS.

Argued March 5—decision released May 27, 1986

*Vincent R. Falcone,* with whom was *David Doyle,* for the appellant (plaintiff).

*Louis Smith Votto,* with whom were *Anselmo M. Delia,* and, on the brief, *Dennis J. Donahue, Jr.,* for the appellees (defendants).

DANNEHY, J. This is an action for a writ of mandamus directing the defendant board of fire commissioners of the Allingtown fire district to restore the plaintiff to the rank of captain in the Allingtown fire department. The action was referred to *Hon. Harold M. Mulvey,* state trial referee, for decision as a court in accordance with article fifth, § 6, of the Connecticut constitution and § 52-434 (a) of the General Statutes. The court dismissed the writ. The plaintiff has appealed. We find no error.

The Allingtown fire district, located in the town of West Haven, was established in 1909 for the purpose of maintaining a local fire department. The general management and control of the fire department is vested in the defendant board of fire commissioners (board). The district conducts annual meetings at which

the voters elect members to the board, and adopt the proposed fire department budget for the upcoming year. Since 1979 no funds have been budgeted for the position of captain, and until January 11, 1983, no one had held that rank in the Allingtown fire department. On January 11, 1983, however, the board appointed the plaintiff to the rank of captain, and that position was included in the collective bargaining agreement negotiated by the board and Local 1198, International Association of Firefighters (union).

At the annual district meeting held on May 10, 1983, the voters of the Allingtown fire district refused to adopt the proposed budget for the 1983-1984 fiscal year until the newly created position of captain was deleted. At a second meeting on May 31, 1983, the voters again rejected the budget because the board had not eliminated the position of captain then held by the plaintiff. A monthly meeting of the board was held on June 7, 1983. In an executive session of that meeting it was voted to abolish the position of captain and to create the position of administrative lieutenant for the fire department. There was also a vote which passed to appoint the plaintiff as administrative lieutenant. The plaintiff received notice by mail of his demotion and appointment on June 8, 1983. On June 10, 1983, the union filed a grievance. In this state of affairs the board and the union negotiated a new contract. On June 16, 1983, the union reached a collective bargaining agreement with the board for the position of administrative lieutenant. They entered into a new contract which effectively eliminated the captain's position as an appropriate unit for collective bargaining. The grievance was withdrawn.

A district meeting was duly warned and held on July 19, 1983, to act on the annual budget. In the budget submitted for approval the plaintiff was designated as an administrative lieutenant. Again the budget

was rejected. On July 25, 1983, the board voted to abolish the plaintiff's position of administrative lieutenant and reduce him to his former rank of grade A firefighter. Notice of his reduced rank was given to the plaintiff on July 26, 1983. The voters of the district finally approved an annual budget in a meeting held on August 9, 1983, which did not include funds for either a captain's position or an administrative lieutenant's position. On February 19, 1985, the plaintiff brought this action for a writ of mandamus to compel the board to reinstate him at the rank of captain.

"Mandamus is an extraordinary remedy which is designed to enforce the performance of a plain positive duty and the writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 342, 51 A.2d 136 (1947). Moreover, the party seeking performance of the duty has the burden of establishing his clear legal right to performance. *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 414, 294 A.2d 546 (1972)." *Kosinski* v. *Lawlor,* 177 Conn. 420, 426, 418 A.2d 66 (1979). The plaintiff contends that the board is under a clear legal duty to reinstate him to the position of captain, and that the taxpayers of the Allingtown fire district are under an equally clear duty to appropriate funds to pay his salary. The plaintiff's argument is based on General Statutes § 7-474 (d), which provides in pertinent part: "If the municipal employer is a district . . . or other authority established by law, which by statute, charter, special act or ordinance has sole and exclusive control over the appointment of and the wages, hours and conditions of employment of its employees, such district . . . or other authority, or its designated representatives, shall represent such municipal employer in collective bargaining and shall have the authority to enter into collective bargaining agreements with the

[employees' union], and such agreements shall be binding on the parties thereto . . . and no such agreement or any part thereof shall require approval of the legislative body of the municipality." The plaintiff contends under this section that once the agreement concerning his appointment to the position of captain had been reached between the board and the union, the agreement was binding on the district without the approval of the legislative body of the district, i.e., the district voters. General Statutes § 1-1 (m).

We have frequently stated that "[w]hen an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to the courts." *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566 (1952), cert. denied, 344 U.S. 913, 73 S. Ct. 336, 97 L. Ed. 704 (1953); *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 684, 485 A.2d 1272 (1984); *Friedson* v. *Westport,* 181 Conn. 230, 232–33, 435 A.2d 17 (1980); *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979); *Blum* v. *Lisbon Leasing Corporation,* 173 Conn. 175, 179, 377 A.2d 280 (1977). The present dispute between the plaintiff, the board and the Allingtown fire district is governed by the Municipal Employee Relations Act. General Statutes § 7-467 et seq. Under the act, the state board of labor relations is given the power and authority "to determine whether a position is covered by sections 7-467 to 7-477, inclusive, in the event of a dispute between the municipal employer and an employee organization." General Statutes § 7-471 (2). The board of labor relations is further empowered to resolve questions as to whether "a practice prohibited by sections 7-467 to 7-477, inclusive, has been committed by a municipal employer . . . . " General Statutes § 7-471 (4). If the board of labor relations "determines that a prohibited practice has been or is being committed, it shall . . . issue and cause to be served on

the party committing the prohibited practice an order requiring it or him to cease and desist from such prohibited practice, and shall take such further affirmative action as will effectuate the policies of sections 7-467 to 7-477, inclusive, including but not limited to . . . (ii) reinstatement of an employee discriminated against in violation of said sections with or without back pay . . . . '' Id.

The board of labor relations is peculiarly well suited to resolve disputes arising under General Statutes § 7-474 concerning the authority of district voters to approve or reject a duly negotiated collective bargaining agreement reached by the municipal employer and the union. " 'The doctrine of exhaustion [of administrative remedies] is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. To allow a party seeking a [writ of mandamus] to bypass the entire process . . . would be to interject an unnecessary and potentially confusing element into an otherwise well-defined area of the law.' " *Connecticut Mobile Home Assn., Inc.* v. *Jensens's, Inc.,* 178 Conn. 586, 591, 424 A.2d 285 (1979), quoting *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–59, 377 A.2d 1099 (1977). We believe that the "orderly process of administrative adjudication and judicial review"; *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* supra; requires that the plaintiff seek his remedy before the agency charged with administration of the Municipal Employee Relations Act. We therefore do not reach the merits of the plaintiff's claim.

There is no error.

In this opinion the other justices concurred.