[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS ACTION BY MUNICIPAL EMPLOYEES AGAINST THEIR UNION AND MUNICIPALITY
The issue in this case is whether the Court should grant defendant National Association of Government Employees' motion to dismiss plaintiffs' revised complaint for lack of subject matter jurisdiction on the ground that plaintiffs have failed to exhaust administrative remedies.
On March 17, 1989, the plaintiffs Deborah LaPutz, et al, filed a revised two count complaint against their employer, the City of Bridgeport (hereinafter "City"); and their bargaining representative, the National Association of Government Employees (hereinafter "N.A.G.E."). On November 28, 1989 the Court, Thim, J., granted N.A.G.E.'s motion to strike count one of the complaint. The following facts are alleged in the remaining count.
Plaintiffs filed grievances against their employer, defendant, City, in 1979, 1982, 1984 and 1987 "seeking equal pay for equal work with social workers claiming that plaintiffs have been doing identical work in the higher classification" in violation of Article 12, section 12.3 of their collective bargaining agreement (hereinafter "agreement"). The plaintiffs allege that the defendant N.A.G.E. has: (1) neglected and refused to represent plaintiffs in good faith and process their grievances as required by the agreement, and (2) interfered with plaintiffs' rights to process their own grievances by misleading plaintiffs into believing that N.A.G.E. was representing their interests. The plaintiffs allege that despite their repeated requests to submit said grievances to arbitration, both defendants, N.A.G.E. and the City, have refused to perform the agreement for arbitration. Plaintiffs claim that they are party to the agreement and ask the Court to order that: (1) defendant City proceed with arbitration of plaintiffs' grievances; (2) defendants bear the cost of arbitration, including counsel fees; and (3) defendants be liable for interest lost by plaintiffs due to the defendants' delay in processing plaintiffs' grievances.
Defendant N.A.G.E. has filed a motion to dismiss the plaintiffs' complaint for failure to exhaust available administrative remedies. In support of its motion, N.A.G.E. CT Page 2439 filed a memorandum of law and a copy of its constitution and bylaws as Exhibit A. The plaintiffs have filed a memorandum in opposition.
The motion to dismiss is the proper vehicle to challenge a party's failure to exhaust administrative remedies. Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551,556-57 (1987). The exhaustion doctrine implicates subject matter jurisdiction. Id. Lack of subject matter jurisdiction may be raised at any time. Daley v. Hartford,215 Conn. 14, 26 (1990), and must be "fully resolved before proceeding further with the case." Castro v. Viera, 207 Conn. 420,429 (1988).
Defendant N.A.G.E.'s first argument in favor of dismissal is that jurisdiction is vested exclusively in the State Labor Relations Board pursuant to Conn. Gen. Stat. section 7-471 for any claim arising under Conn. Gen. Stat. sections 7-468 and 7-470.
Connecticut General Statutes section 7-471 sets forth the State Board of Labor Relations' powers and authority in relation to collective bargain in municipal employment.
Subsection (4) provides the procedure for "[w]hen a complaint has been made to the board that a prohibited practice as delineated in Conn. Gen. Stat. sections 7-467 to7-477 has been or is being committed" by a municipal employer or employee organization. Conn. Gen. Stat. section7-471 (4)(A). If the board "determines that a prohibited practice has been or is being committed, it shall . . . issue and cause to be served on the party committing the prohibited practice an order requiring it or him to cease and desist from such prohibited practice, and shall take such further affirmative action as will effectuate the policies of sections 7-467 to 7-477, inclusive. . . ." Id. at subsection (4)(B).
"When an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to the courts." Sampietro v. Board of Fire Commissioners,200 Conn. 38, 42 (1986). "The doctrine of exhaustion [of administrative remedies] is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Id. at 43. In the Sampietro case the court held that the plaintiff's claim arising under Conn. Gen. Stat. section7-474 was peculiarly well suited for resolution by the board of labor relations and thereby affirmed the judgment dismissing CT Page 2440 the action. Id.
This Court finds no language in the statutory provisions governing municipal employee organizations which prohibit this case from proceeding. Neither Conn. Gen. Stat. section7-468 (b) nor Conn. Gen. Stat. section 7-470, cited by the defendant N.A.G.E. is an interdictor in this regard. Moreover, Conn. Gen. Stat. section 7-468 (d) states the following:
 [A]n individual employee at any time may present a grievance to his employer and have the grievance adjusted, without intervention of an employee organization, provided the adjustment shall not be inconsistent with the terms of a collective bargaining agreement then in effect. The employee organization certified or recognized as the exclusive representative shall be given prompt notice of the adjustment.
Article 11 of the collective bargaining agreement provides that the parties may file a grievance when there is any dispute "concerning the application, meaning or interpretation" of the agreement but must do so only pursuant to Article 11. Article 11 delineates a four step procedure for filing a grievance: the dispute is first brought to the employee's supervisor, then to the Union Steward or Chief Steward, then to the City's Labor Relations Officer, and finally to the State Board of Mediation and Arbitration or to another forum on which the parties agree. Article 11 section 11.1. Expenses for the arbitration are to be borne equally by the employer and the Union. Article 11, section 11.2. The agreement further provides that "[n]othing contained in this Article shall prevent any employee from processing his own grievance through the grievance procedure, providing that the Union shall be promptly notified of such grievance as it is being processed and shall have the right to participate in the arbitration hearing." Article 11, section 11.4.
The plaintiffs' dispute involves wages, the subject of Article 12 of the collective bargaining agreement.
"[A]s a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." Kolenberg v. Board of Education, 206 Conn. 113, 123 (1988). "Failure to exhaust available grievance and arbitration remedies implicates the court's subject matter jurisdiction." Id. at 122 n. 5 citing, School Administrations Assn. v. Dow, 200 Conn. 376, 382 (1986). CT Page 2441
Defendant N.A.G.E.'s second argument in favor of dismissal is that plaintiffs failed to follow the procedures outlined in Article XIV, section 2 of N.A.G.E.'s Constitution and By-Laws for filing a grievance against the union.
Article XIV of N.A.G.E.'s Constitution and By-Laws provides that any grievant shall have the rights and employ the remedies there "if he believes that his Local Grievance Committee has acted improperly in handling his grievance under the Collective Bargaining Agreement." N.A.G.E. Constitution and By-Laws, Article XIV, section 1. The two step procedure provided requires a grievant to appeal the Local Unit Grievance Committee's decision to the Local Unit Membership and then to the National Office. Id. Article XIV, section 3 requires that the procedures of Article XIV be exhausted before a grievant may present his claim before any court or administrative body.
This Court interprets the restrictions and relief available under Article XIV of N.A.G.E.'s Constitution and By-Laws as available to the plaintiffs only if they are unable to process their grievances pursuant to Article 11 of their collective bargaining agreement, because, inter alia, as stated earlier, section 11.4 of Article 11 of the collective bargaining agreement provides that "[n]othing contained in this Article shall prevent any employee from processing his own grievance through the grievance procedure, providing that the Union shall have the right to participate in the arbitration."
Connecticut General Statutes section 52-410 (a) states the following:
 A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law.
In the case of Paranko v. State, 200 Conn. 51 (1986), the court in construing the application of section 52-410 to an individual employee stated as follows: CT Page 2442
 The clear purpose of section 52-410 is to provide the "parties" to an arbitration agreement with an enforcement mechanism by permitting them to invoke the court's equitable powers. The statute limits the availability of the remedy to "parties", but the word is not defined. The term is used generically, referring to anyone who has contracted with another to arbitrate their disputes. The meaning must therefore be derived from the agreement itself. (citation omitted). . .
 We conclude then that individual employees may be "parties" to a collective bargaining agreement for the purposes of General Statutes section 52-410 if the collective bargaining agreement so provides. An employee has input in the contract negotiations through the union, has a clear interest in seeing the contract enforced and would have standing to compel arbitration under the statute if accorded the right in the agreement. Thus, if the collective bargaining agreement contains no provision giving employees the right to submit disputes to arbitration, then an employee could not seek relief under the statute. (citations omitted). . .
 If the agreement explicitly grants employees the right to seek arbitration, however, the employee would be able to petition the court to enforce that right under General Statutes section 52-410. (citations omitted). . .
 To hold otherwise would virtually nullify that part of a collective bargaining agreement granting an individual employee the right to seek arbitration and would defeat our state's policy favoring the private resolution of disputes through arbitration. (citations omitted).
Paranko, 200 Conn. at 54-57.
Without ruling on the question of the right of the plaintiffs to seek judicial relief on a theory of breach of duty of fair representation, this Court interprets Article 11 of the collective bargain agreement as permitting the plaintiffs to process their own grievance through the grievance procedure which includes arbitration.[1] This result is in accord with Paranko v. State, 200 Conn. 51.
Accordingly, the defendants' motion to dismiss is CT Page 2443 denied.
CLARANCE J. JONES, JUDGE