[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
This is an action for mandamus, wherein the plaintiff, the Golden Hill Paugussett Tribe ("the Tribe") seeks a court order requiring the defendant, the Governor of the State of Connecticut, Lowell P. Weicker, Jr., to begin negotiating a trust agreement[1] with the Tribe. The Tribe relies upon General Statutes 47-66h, which provides, in pertinent part, that
 the governor shall enter into a trust agreement with each willing indigenous tribe. Any such trust agreement shall define the powers and duties possessed by the tribe that is party to the agreement and shall be consistent with the recommendations on trust agreements contained in the final report of the Indian Affairs Task Force made pursuant to special act 87-103.
General Statutes 47-66h(a).
The defendant has moved to strike the plaintiff's complaint, arguing that it fails to state a claim upon which relief may be granted because (1) the complaint fails to allege that the Indian Affairs Task Force has made a final report which contains recommendations on trust agreements pursuant to Conn. Spec. Acts No. 87-103;[2] and (2) the complaint fails to allege affirmatively that the plaintiff is a willing tribe.
A motion to strike tests the legal sufficiency of a pleading. Practice Book 152. Ferryman v. Groton, 212 Conn. 138,142 (1989). See Golden Hill Paugussett Tribe v. Weicker, "Memorandum of Decision on Motion to Dismiss," Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 500895 (May 4, 1992).
In deciding upon a motion to strike, the court must take the facts to be those alleged in the complaint, Liljedahl Brothers v. Grigsby, 215 Conn. 345, 348-49 (1991), and should construe the challenged allegations in the light most favorable to sustaining the legal sufficiency of the complaint, Bouchard v. People's Bank, 219 Conn. 465 471, 594 A.2d 1 (1991); Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 49 A.2d 986 (1982). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded, and hence need not be specially alleged. Bouchard v. People's Bank, supra; see also Ferryman v. Groton, CT Page 7047 supra, 146. If facts provable under the allegations of the complaint would support a cause of action, then the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
The defendant's first ground is that the complaint is legally insufficient because it fails to allege that the Indian Affairs Task Force ("the Task Force") has made a final report which contains recommendations on trust agreements.
"[I]t is not essential to the sufficiency of a complaint alleging a statutory cause of action that the precise terms of the applicable statute be `either counted upon or recited.'" (Citations omitted.) Bouchard v. People's Bank, supra, 470. Rather, the plaintiff "need only `allege the facts necessary to bring [it]self within the terms of the statute.'" (Citations omitted.) Id., 471.
This mandamus action is governed by General Statutes52-485, which gives the superior court the authority to issue writs of mandamus "in any case in which a writ of mandamus may by law be granted." Mandamus may by law be granted to enforce a clear legal right where the person against whom it is directed is under a legal obligation to perform the act commanded. Sampietro v. Board of Fire Commissioners, 200 Conn. 38, 41,509 A.2d 28 (1986). The writ is proper when "(1) the law imposes on the party against whom the writ could run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy" (Citations omitted.) Golab v. New Britain, 205 Conn. 17, 20,529 A.2d 1267 (1987).
The legal right upon which the plaintiff stands is set forth in General Statutes 47-66h, which requires the governor to "enter into a trust agreement with each willing indigenous tribe." The essence of the plaintiff's complaint is that, as a "willing indigenous tribe," it is entitled to enter into a trust agreement with the governor pursuant to General Statutes47-66h. While the statute does state that the trust agreement "shall be consistent with the recommendations on trust agreements contained in the final report of the Indian Affairs Task Force," this provision does not impose upon the plaintiff the burden of alleging in its complaint that a final report in fact exists. Rather, the consistency required by the statute might affect the validity of a trust agreement once entered into, but does not appear to condition the plaintiff's right to enter into an agreement in the first place. The defendant has cited no authority to support this argument that the plaintiff must also plead that the task force has issued its final report CT Page 7048 on trust agreements. Therefore, because the failure to allege that a final report exists does not constitute a failure to allege facts which would entitle the plaintiff to the relief it seeks, the defendant's motion to strike should not be granted on this ground.
The defendant's second ground is that the plaintiff has failed to allege that it is a "willing tribe" as required by General Statutes 47-66h, which imposes upon the governor the duty to enter into a trust agreement with "each willing indigenous tribe."
The complaint alleges at paragraph 9 that the plaintiff tribe "informed the governor of the Tribe's willingness to enter into a trust agreement." Taking the plaintiff's complaint as a whole in the light most favorable to sustaining its legal sufficiency, it may be necessarily inferred therefrom that the plaintiff is a tribe willing to enter into a trust agreement under General Statutes 47-66h. "Rules of pleading are not made for the purpose of tripping up the unknowing or unwary. They are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." Salem Park, Inc. v. Salem,149 Conn. 141, 144, 176 A.2d 571 (1961). The motion to strike should not be granted on this ground.
Accordingly, the motion to strike is denied.
BURNS, J.