[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Linda and John Neylan filed a complaint on May 4, 1993, against defendant Irving Pinsky sounding in legal malpractice. Plaintiffs' complaint alleges that the defendant negligently represented the plaintiffs in a personal injury action. The underlying personal injury action involves injuries sustained by Linda Neylan on June 19, 1990.
On October 6, 1993, defendant moved for summary judgment on the ground that the plaintiffs' legal malpractice complaint is premature as alternative remedies are available to the plaintiffs against the alleged tortfeasors responsible for the claims in the underlying personal injury action. Defendant states in an attached affidavit that he has reviewed the underlying personal injury case and that said case is pending in the superior court at Milford. Defendant's Affidavit, Exhibit A, 4.
Defendant has also submitted copies of the original writ, summons and complaint filed by the defendant on behalf of the plaintiffs in the underlying personal injury suit, and the revised complaint in the underlying personal injury action filed by the plaintiff's current attorney. Defendant's Exhibit A-1 and A-2. Both the original and revised complaint in the underlying personal injury action are directed at the same defendants. The only material difference between the original and revised complaint is that the original complaint does not allege a cause of action for nuisance.
"Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong." Cross v. Hudson, 27 Conn. App. 729, 732,609 A.2d 1021 (1992). "Whenever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceedings upon its own motion." (Citation omitted.) Park City Hospital v. Commission on Hospitals and Health Care,210 Conn. 697, 702, 556 A.2d 602 (1989).
A legal malpractice claim is "premature" if an alternate and CT Page 10562 viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence. Heritage Square Associates v. Leonard Blum, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV91-117855 (July 21, 1992).
 An attorney's alleged negligence may result in the loss to his client of only one of several legal theories, remedies, defenses or culpable parties. Such an error by his attorney may not affect the ability of that client to prosecute or defend the very claim or affect the result. As such, the attorney will not be liable for the error since the client has suffered no present loss.
Id.
A "premature claim" is analogous to a claim that is not ripe for adjudication. "The ripeness doctrine is the constitutional mandate of case or controversy, U.S. Const. Art. III, [which] requires an appellate court to consider whether a case has matured or ripened into a controversy worthy of adjudication before it will determine the same." Balletti v. Pappas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 328962 (March 15, 1991). "[I]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements. . . ." (Emphasis added.) Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507,18 L.Ed.2d 681 (1967).
"Ripeness is equated with the justiciability of a claim." Balletti v. Pappas, supra. "A justiciable claim is one which is `capable of resolution on the merits by judicial action.'" Id., quoting Pellegrino v. O'Neill, 193 Conn. 670, 673, 480 A.2d 476
(1984). "In the absence of a justiciable controversy, the courts have no jurisdiction." Kleinman v. Marshall, 192 Conn. 479, 484,472 A.2d 772 (1984). Connecticut courts have considered nonjusticiability as a ground for dismissal based on lack of subject matter jurisdiction. Golden Hill Paugussett Tribe v. Weicker,7 CSCR 568 (May 5, 1992, Burns, J.). CT Page 10563
The plaintiffs' complaint must be dismissed by the court as premature. The plaintiffs' underlying personal injury action is currently pending in the superior court. Defendant's Affidavit, Exhibit A, 4. While defendant's alleged negligence may result in a future loss to the plaintiffs on the underlying personal injury claim, the plaintiffs have suffered no present loss as the underlying claim is still pending.
For the forgoing reasons the plaintiffs' complaint is dismissed.
Howard F. Zoarski, Judge