[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I.
The plaintiff, Griswold Hills of Newington Limited Partnership (hereinafter "Griswold") has filed the instant action seeking a mandamus requiring the defendants Town Plan and Zoning Commission of the Town of Newington, the Town of Newington, and Joseph Klett, the chairman of the Town Plan and Zoning Commission (hereinafter, collectively referred to as "the Commission") to take certain steps to finalize two land use approvals.
A brief background is essential to the understanding of this action. On or about November 12, 1986, the Commission issued a site plan approval and a special exception approval to the Colonial Griswold Limited Partnership (hereinafter, "Colonial"), a Connecticut limited partnership, for the construction of 285 high rise apartments in Newington. The approvals were modified on August 29, 1990 with a project design amendment reducing the number of units from 285, in three high rise buildings containing five to eight stories, to 226 dwelling units in seven low rise buildings containing two, three, and four stories.
The Commission attached several conditions to the permits, ordering inter alia, that:
6) The applicant's engineer shall certify to the CT Page 7318 Town Engineer the design (plan and profile) for each proposed retaining wall and their construction as approved.
 7) The applicant's engineer shall certify to the Town Engineer that the site's storm water management system has been constructed as approved. Prior to the Chairman signing the plans the catch basin design in Kitts Lane at the site's main entrance shall be submitted to the Town Engineer.
 8) During the site preparation the applicant's contractor shall insure that all practical measures to control erosion and sedimentation impacts on adjacent properties are implemented. Temporary sedimentation control ponds shall be constructed as approved by the Town Engineer.
 9) The applicant shall submit to the Building Department a copy of the State Traffic Commission certificate, if required, prior to the issuance of building permits.
 10) The applicant shall submit evidence that the easements for sanitary sewer and discharge of surface runoff from the State of Connecticut have been secured.
 11) The applicant's engineer shall provide addition topographic information, finish floor elevations and grading around building foundations to the Town Engineer, Town Planner and Building Department prior to signing by the Chairman.
 12) A plan for dumpster enclosures shall be added to the profile sheet. Sidewalk width adjacent to parking lots shall be a minimum of six (6) feet.
Section 5.28 of the zoning regulations states that a special exception will not become effective until it is certified by the Commission and recorded in the land records. Section 5.27 states that a site plan will not become effective until the site plan is signed by the chairman of the Commission and a mylar map is filed with the town planner. Colonial never fulfilled the requirements of August 29, 1990 CT Page 7319 approval and ultimately it and the other Colonial enterprises collapsed, ending up in the U.S. Bankruptcy Court. The property was subsequently foreclosed by the Burritt Interfinancial Corporation on August 28, 1991 and after the Burritt became insolvent, the Federal Deposit Insurance Corporation ("FDIC") as a receiver, sold the property to the plaintiff herein on October 18, 1993.
On May 10, 1994, the engineering firm of Close, Jensen and Miller which represented the original applicant, Colonial, and now the new applicant, Griswold, delivered the mylar maps to the defendants. On or about June 7, 1994, the Newington Town Planner Edmund J. Meehan wrote to the engineering firm advising of the need to comply with conditions 7, 10, 11 and 12 of the August 29, 1990 approval letter. Close, Jensen and Miller submitted revised mylars on July 5, 1994 and again on August 18, 1994 after incorporating all the requirements.
The plaintiff is now seeking this mandamus maintaining that having complied with the requirements, the Commission must fulfill its obligations.[1] The defendants have filed a motion to dismiss arguing that the plaintiff lacks standing to bring this action. They argue that the plaintiff obtains no rights to the conditional approval simply because it is the present owner of the land. The Commission maintains that the conditional approvals are personal property which belong to Colonial's bankruptcy trustees. This court is not in agreement.
 II. A.
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Ardmare Construction Co. v.Freedman, 191 Conn. 497, 501, 467 A.2d 674 (1983). "If a CT Page 7320 party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." Tomlinson v.Board of Education, 226 Conn. 704, 717 (1993). Because the defendant has brought to the attention of the court the possible absence of subject matter jurisdiction, this must be passed upon "before this matter can move one step further; as any movement is necessarily the exercise of jurisdiction."Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297 (1982).
 B.
"Zoning is concerned with the use of specific existing buildings and lots and not primarily with their ownership."Petruzzi v. Zoning Board of Appeals, 176 Conn. 479, 484 (1979) citing Abbadessa v. Board of Zoning Appeals, 134 Conn. 28, 32
(1947). The issue therefore is not who owns the land but rather how the land will be used. Ownership is incidental. In Fromer v. Two Hundred Post Associates, 32 Conn. App. 799
(1993), the court reviewed a claim, similar to that made here, that an inland wetlands permit is personal to the applicant and does not attach and follow the title. The initial applicant therein, after getting two extensions, sold the property to a bank which subsequently went into receivership to the FDIC. After reviewing our Supreme Court's decision inGaribaldi v. Zoning Board of Appeals, 163 Conn. 235, 239
(1972), in which the Court held that a variance runs with the land and not with the present owner, the Appellate court concluded that "an inland wetlands permit is concerned solely with the property to be regulated, and that the change of ownership does not affect the validity of the permit." Fromerv. Two Hundred Post Associates, supra, 805. See, also, T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992), p. 124. There is no real difference, in terms of this discussion, amongst any of the land use permits, whether it be an inland wetlands permit, a variance, a site plan, special permit or subdivision permit. Thus, Garibaldi and Fromer are controlling; the special permit approval and site plan approval run with the land.
At oral argument, the Commission secondarily maintained that the above rule did not apply if the approval had not yet been perfected. The concept of perfecting a land use approval applies to statutory publication or filing requirements after affirmative agency action. See, generally, Fuller, Land Use Law and Practice, Chapter 24. While there are perfection CT Page 7321 requirements for the subject approvals, this court does not believe that such actions preclude the approvals from running with the land. The fact that certain final action is required in no way negates the rule set forth in Garibaldi and Fromer.
The terms of the permit do not change because another person or entity steps into the shoes of the initial applicant.Garibaldi v. Zoning Board of Appeals, supra, 163 Conn. 239. While the Commission's interpretation of its regulations is entitled to some deference, "the interpretation of provisions in the ordinance is nevertheless a question of law for the court," Coppola v. Zoning Board of Appeals, 23 Conn. App. 636,640 (1990) and "[t]he court is not bound by the legal interpretation of the ordinance by the town." Id. As noted by the Fromer court:
 A permit is issued or denied on the basis of conditions relating to the land such as the topograpohy, soil type, and the nature, extent, and effect of the proposed activity on the land. The facts in the statutes that can be considered by the inland wetlands agencies pertain only to the land and not to the applicants or owners.
Fromer v. Two Hundred Post Associates, supra, 804.
 III.
The Commission's argument that the unperfected permit is personalty and does not run with the land is contrary to Connecticut law. The plaintiff, as owner of the subject parcel, has standing to bring this case and accordingly, the motion to dismiss is denied.
Berger, J.