[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff's mandamus action herein petitions the court to provide affirmative action against the defendants, the town of Plymouth and its Planning and Zoning Commission requiring the issuance of an approval of the plaintiff's application for a subdivision of their real estate on Washington Road and South Eagle Street in the town of Plymouth.
Before the court may consider the substantive issues presented it must resolve the threshold issue as to whether the remedy herein sought by the plaintiffs may be considered by the court in a mandamus action:
The plaintiff is seeking the extraordinary relief of a writ of mandamus. "Mandamus is an extraordinary remedy which is designed to enforce the performance of a plain positive duty and will issue only to enforce a clear legal right when the person against whom it is directed is under a legal obligation to perform the act compelled. State ex rel. Levy v. Pallotti,133 Conn. 334, 342, 51 A.2d 136 (1947). Moreover, the party seeking performance of the duty has he burden of establishing his clear legal right to performance. Waterbury TeachersAssociation v. Farley, 162 Conn. 390, 414, 294 A.2d 546 (1972);Kosenski v. Lawlor, 177 Conn. 420, 426; Sampietro v. Board ofFire Commissioners, 200 Conn. 38, 41; Golab v. New Britain,205 Conn. 17, 19; P.X. Restaurant, Inc. v. Windsor, 189 Conn. 153,158. The writ is proper only when "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy.Bahramian v. Papandrea, 184 Conn. 1, 3." Golab, supra at 20. CT Page 14626
Mandamus does not give or define rights which one does not already have, nor can it act upon a doubtful and contested right. Simons v. Canty, 195 Conn. 524, 533. Mandamus commands performance of duty only upon the request of a plaintiff who has a complete and immediate legal right to have done what he seeks. Golab, supra.
In this matter, the plaintiff's failed to take an appeal from the decision of the Commission as provided in Conn. Gen. Stat. § 8-8. They failed to take an appeal to the Freedom of Information Commission under Conn. Gen. Stat. § 1-21i(b). They had two specific remedies and failed to take either.
In addition, they have no "clear legal right to have the duty performed," because the defendants in fact performed that duty by voting the approval of the subdivision. Mandamus is an extraordinary remedy because it is designed to act where a public agency has failed to perform a duty which the plaintiff had a clear legal right to have performed. Here the plaintiff had a right to have action taken within 65 days, and it did get action. That action was an approval with conditions as required by the subdivision regulations.
In the instant action the plaintiffs presented to the defendant Commission an application for a subdivision of their real estate. The defendant Commission accepted plaintiffs' application, heard the petitions and issued its decision at a subsequent hearing. The plaintiffs' application was accepted and approved subject to certain conditions not requested by the plaintiffs.
The plaintiffs did not appeal the commission's decision as permitted by statute. Upon an appeal each of these issues could have been argued before the court at that time. Instead of proceeding by way of appeal, the plaintiffs are using the extraordinary process of mandamus to try these issues.
The plaintiffs in bringing this mandamus action are not seeking to have the decision of the defendants enforced. Rather, they are seeking to have a determination by this court that the actions taken by the defendants did not meet the statutory requirements and thus the Commission failed to issue its decision within the 65 day statutory time period with the result that the plaintiffs' application as presented to the defendants CT Page 14627 would become granted by operation of law. Thus, the defendants would not be required to carry out the conditions attached by the commission to its approval of the plaintiffs' application.
The plaintiffs are seeking to have the court find that the commission failed to meet its statutory obligation to issue its decision within 65 days because it (1) took action without a quorum of its members present, (2) that its meeting was not open to the public, and (3) that its notice of the meeting failed to adequately inform the public of the time and place of the meeting.
The mandamus court instead of determining whether a "clear legal right to have the duty performed" exists, would bypass the appeal process and act in both the capacity of hearing the appeal issues and then determining whether a mandamus order should issue.
The court in this mandamus action is limited to the above recited three elements for the issuance of the mandamus writ.
The court finds that the plaintiffs have not shown that they have a clear legal right to have their application granted as a matter of law, and that they had no other specific adequate remedy.
Therefore, the court finds the issues for the defendants.
Judgment may enter for the defendants.