[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated May 6, 1997, the plaintiff, TWK, LLC, seeks an order of mandamus, ordering the defendants[1] to prepare, execute and deliver to it, the certificate of variance or special exception for appeal #2593. The plaintiff moves on the ground that it has a clear legal right to said relief; that none of the defendants has any discretion with respect to the relief; and that the plaintiff has no other adequate remedy at law.
Both the plaintiff and defendants agree that the following facts, as alleged by the plaintiff in its complaint, are not in dispute. In 1987, Alan J. Resenbert,[2] the predecessor in interest to property at 132 Paddock Avenue, now owned by the plaintiff, filed an application for a special exception (#2593) with the Meriden Zoning Board of Appeals (ZBA) for the property known as 132 Paddock Avenue and sometimes referred to as Paddock Village Condominiums. Resenbart sought the exception to construct multifamily units in a C-3 zone. The Meriden ZBA granted the application for the special exception on May 11, 1987. The certificate of variance or special exception on file with the planning department, however, is incomplete and unsigned.[3]
The minutes for the ZBA's May 11, 1987 meeting are also incomplete as pages 5 and 6 are missing. In addition, the special exception was not recorded in the land records of the city of Meriden.
Following the resolution of a lawsuit related to the ZBA's granting of the special exception,[4] construction proceeded on Paddock Village until approximately 50 units were built.
In December of 1995, one year after the plaintiff took title to the premises, the plaintiff began to investigate the possibility of completing the construction project as rental demand on the property made completion of the project CT Page 622 economically attractive. In the course of its investigation, the plaintiff discovered that the special exception was not recorded. By letter dated February 12, 1996, it requested that the Planning Department issue the special exception approval for appeal #2593. The department staff did not respond in writing, but told the plaintiff that the special exception would not be issued. The staff advised the plaintiff that multifamily housing units were no longer permitted in the C-3 zone, pursuant to a change in the ordinance sometime around 1990.
The complaint further alleges that "[o]n or about August 5, 1996, in conjunction with a pending application for a use variance, the plaintiff caused a letter to be submitted to the Meriden Zoning Board of Appeals asking that they issue the certificate for appeal #2593." Complaint, p. 3, ¶ 17. The board denied the plaintiff's requests at its regularly scheduled meeting on August 6, 1996.[5]
The defendants filed the present complaint on May 21, 1997, and the defendants filed an answer and special defenses on June 27, 1997.
The Special Defenses filed are as follows:
 1. The Plaintiff's action, being of an equitable nature, is barred by laches
 2. For the matters set forth in the Plaintiff's complaint, Defendants are immune from liability under the doctrine of Governmental Immunity and/or Qualified Immunity.
 3. Any failure to record the subject special exception or variance was caused by the negligence of a third party, not a party to this action.
By document entitled, "Stipulation Re: Conditions to Special Exception," dated November 11, 1998 the parties agree to the following conditions should the court grant the mandamus: (1) that any further development of the premises will be in accordance with the requirements of the R-2 zone of the Meriden Zoning Ordinance; (2) that no more than an additional 56 units may be constructed on the premises; and (3) that no more than four dwelling units be constructed in any building on the premises. CT Page 623
The plaintiff and defendants have filed pretrial and posttrial memoranda in support of their respective positions.
 Discussion
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific remedy." (Citations omitted: internal quotation marks omitted.) Golab v. New Britain, 205 Conn. 17, 19-21,529 A.2d 1297 (1987). "Moreover, the party seeking performance of the duty has the burden of establishing his clear legal right to performance." Sampietro v. Board of Fire Commissioners,200 Conn. 38, 41, 509 A.2d 28 (1986).
 Order of Mandamus 1. Clear Legal Right
The plaintiff seeks an order of mandamus, ordering the defendants to prepare, execute and deliver to it, the certificate of variance or special exception for appeal #2593. In support, the plaintiff argues that it meets the first prong of the mandamus test as it has a clear legal right to performance by the defendants because it succeeds to the rights granted by special exception #2593 as these rights run with the land. The plaintiff argues that "[t]he statutory scheme acknowledges this by requiring recording before any of those rights vest." Pl.'s Suppl. Trial Brief, p. 4. It argues that had the defendants met their original duty of preparing the certificate, it would have been properly recorded and therefore rendered effective pursuant to statute. The plaintiff argues that, presently, it is the only proper party to require the defendants to perform their duty as the original applicant no longer has an interest in the premises.
The defendants argue that the plaintiff does not have a clear legal right to the issuance of the mandamus as it was not the original entity which applied for the exception. Indeed, the defendants argue that because the plaintiff is not the original applicant, it lacks standing to bring this action for mandamus. The defendants also argue that the plaintiff has no clear legal right to the issuance of the mandamus because this action is CT Page 624 barred by the doctrine of laches, for despite the plaintiff's acquisition of the property on or about December 1994, it was not until the August 6, 1996 application that the plaintiff petitioned for a variance and sought to have the special exception issued. The defendants further emphasize that it was not until May 1997, after nine months had elapsed, that the plaintiff filed the present mandamus action. Indeed, the defendants argue that issuance of the special exception certificate would be meaningless because the "accompanying items such as the site plan and building permits have expired and cannot be renewed." Defendants' Post Trial Brief, p. 11.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Ardmare Construction Co. v. Freedman,191 Conn. 497, 501, 467 A.2d 674 (1983).
The plaintiff has standing to bring the present mandamus action if the grant of a special exception runs with the land. Two trial court cases provide comprehensive analysis on the issue.
In the first case, Griswold Hills of Newington LimitedPartnership v. Town Plan and Zoning Commission of the Town ofNewington, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705701, (June 9, 1995, Berger,J.) (14 Conn. L. Rptr. 405), the court held that the plaintiff successor owner of property had standing to seek a mandamus requiring the defendant town[6] to take certain steps to finalize two land use approvals. The prior owner had been granted a site plan approval and a special exception to build 226 high rise apartments. The applicable zoning regulations stated that neither of the land approvals would be effective until they were perfected by certification and recording. The prior owner did not meet either of these requirements. Subsequently, the property was foreclosed. The FDIC, as receiver, sold the property to the plaintiff.
In holding that the plaintiff had standing to have the town finalize the two land approval decisions, the court in GriswoldHills likened its facts to those in Fromer v. Two Hundred PostAssociates, 32 Conn. App. 799, 805, 631 A.2d 347 (1993) wherein CT Page 625 the Appellate Court held that "an inland wetlands permit is concerned solely with the property to be regulated, and [that] change of ownership [did] not affect the validity of the permit"; thus, the wetlands permit attached to and followed the title. The court in Griswold Hills also found persuasive, the Supreme Court's reasoning in Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239, 303 A.2d 743 (1972), wherein it held that "a variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner but by all subsequent owners." In Griswold Hills the court concluded, "[t]here is no real difference, in terms of this discussion, amongst any of the land use permits, whether it be an inland wetland permit, a variance, a site plan, special permit or subdivision permit. Thus, Garibaldi and Fromer are controlling; the special permit approval and site plan approval run with the land." Griswold Hills, 14 Conn. L. Rptr. 407. The second case providing useful analysis for this court is Van Stone's Cypressv. Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292015, (January 8, 1993,Levin, J.). In Van Stone's Cypress, the precise question before the court was whether plaintiff-successor owner of property could challenge a condition of a special case[7] for the property, years after the permit was granted to the previous owner. The grant of the special exception to the previous owner was conditioned upon his obtaining a building permit within eighteen months. The plaintiff-successor owner challenged this condition after requesting an additional eighteen month extension and being granted only a three month extension. In denying the plaintiff-successor owner's appeal, the court reasoned first, that "a party may not challenge on appeal the validity of a preexisting condition to a special permit which it seeks to renew"; and second, that "the need for stability in land use planning and the need for justified reliance by all parties" necessitated its denying the plaintiff-successor's appeal.
The court also addressed the plaintiff's policy argument that because he was not the original applicant, he had not had an opportunity to challenge the imposition of the condition when it was first imposed. In finding this argument unpersuasive, the court reasoned that the plaintiff-successor owner did not have a personal right to challenge the special exception condition: "Like a variance, a special permit is not a personal privilege. `It is a legal status granted to a certain parcel of realty without regard to ownership. ' . . . A successor in interest to such realty succeeds to the benefits and to the conditions of a CT Page 626 land use permit to which the realty is subject." Van Stone'sCypress v. Zoning Commission, supra, Docket No. 292015.
The court in Van Stone's Cypress, in reaching its decision, cited a number of cases from other jurisdictions: Audette v.Coletti, 539 A.2d 520, 523 (R.I. 1988) which held that the successor in interest to property was bound by the conditions attached to a prior granted special exception; County of Imperialv. McDougal, 138 Cal.Rptr. 472, 564 P.2d 14, 17 (1977), which held that a successor landowner succeeded to any benefits which his predecessor in title enjoyed under a conditional use permit as "such permits run with the land"; and Appeal of Barefoot,437 Pa. 323, 263 A.2d 321, 322 (1970) which, pursuant to state statute (26 P.L.E. Municipal Corporations § 454), held that "[w]hen a special exception is granted, the use becomes a conforming use, and such use inures to the benefit of a subsequent owner of the land and is not abandoned in the absence of a time limitation in the zoning ordinance." Finally, the court in Van Stone's Cypress cited 83 Am. Jur.2d 803, Zoning and Planning § 959 (1992), p. 1013, which stated that "[s]pecial use permits, like all provisions in local zoning ordinances, are not personal licenses but attach to and run with the land," (citing Dege v. City of Maplewood, 416 N.W.2d 854, 855-56 (Minn. 1987)).[8]
Accordingly, the plaintiff has standing to seek a mandamus. There is no dispute that the Meriden Zoning Board of Appeals granted a special exception pursuant to application #2593. There is likewise no dispute that the plaintiff is the owner of the property at issue under application #2593. Pursuant to GriswoldHills and Van Stone's Cypress and the authority cited to and relied upon in those cases, the special exception granted to application #2593 runs with the land and thereby creates standing in the plaintiff to bring the present mandamus action. The plaintiff is asserting his own rights in seeking the mandamus.
The defendants however are incorrect in their argument that the plaintiff has no clear legal right to have the special exception issued based on the doctrine of laches because the plaintiff, who acquired the property in December of 1994, delayed until August of 1996 to apply for a variance and request that the special exception be issued. "The defense of laches does not apply unless there is an unreasonable, inexcusable, and prejudicial delay in bringing suit. . . . Delay alone is not sufficient to bar a right; the delay in bringing suit must be CT Page 627 `unduly' prejudicial. . . . the burden is on the party alleging laches to establish the defense." (Citation omitted.) Cummingsv. Tripp, 204 Conn. 67, 88, 527 A.2d 230 (1987). The defendants merely argue that the plaintiff delayed in its application, but do not argue that they were prejudiced thereby, the defendants have not met their burden pursuant to the defense of laches.
 2. Defendants' Duty is Mandatory and not Discretionary
The plaintiff argues that the second prong of the test for the issuance of a writ of mandamus has been met in that the defendants have an affirmative duty to execute the decisions of the ZBA. Given that the ZBA approved appeal #2593 and that this approval was not disturbed upon appeal, the plaintiff argues that the defendants have a duty to prepare certificate of variance or special exception.
The defendants argue in opposition that their duty to execute the special exception does not arise until the applicant causes a copy of the special exception to be recorded in the city clerk's office. The defendants reason that as the original owner did not record the special exception, "the defendants should not be required to do anything with the special exception for the plaintiff [because] [t]he plaintiff's cause of action arises from the predecessor in title's actions or inactions surrounding the special exception [rather than from] the [defendants'] actions." Defs.' Post Trial Brief, dated November 11, 1998, p. 15.
General Statutes § 8-3c specifies the process by which a party applies for a special exception: (1) the zoning commission or combined planning and zoning commission shall hold a public hearing on the application; (2) notice of the hearing is to be published by newspaper; (3) the commission shall make a decision and supply its reasons for said decision; (4) notice of the decision shall be published; and (5) notice of the decision shall be sent via certified mail to the applicant by the secretary or clerk of the commission. General Statutes § 8-3d, in turn, specifies that the applicant's special exception shall not become effective until a copy of said special exception is certified by the zoning commission and recorded in the land records of the town in which the premises are located.
Pursuant to statute, the duty to prepare the certificate of variance or special exception is a mandatory duty and not a discretionary one, incumbent on the secretary or clerk of the CT Page 628 commission after approval of the application. "A ministerial [or mandatory] act is a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Dunbar v.City of Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310727, (May 5, 1995, Fuller, J.), citing Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989). As previously noted, there is no dispute that a special exception was granted for appeal #2593 and that this decision was not disturbed upon appeal. As the secretary or clerk of the Meriden zoning commission was therefore under a duty to issue a certified copy of the approved special exception to the original applicant, the plaintiff-successor owner succeeds to said right to be issued the certificate of variance or special exception because a special exception runs with the land.
 3. No Adequate Remedy at Law
The plaintiff additionally argues that it meets the third prong of the mandamus test as it has no other adequate remedy at law because the defendants have refused its request to issue the special exception and have likewise refused to grant a use variance for the property.
The defendants point out that the plaintiff failed to appeal both the denial of its request to the zoning board of appeals to have the certificate of variance or special exception issued and the denial of its application for a variance.
"It is well settled law that a court may not entertain a mandamus action if the plaintiff has an adequate remedy at law."Department of Utilities of the City of Groton v. Carothers,28 Conn. App. 674, 678, 613 A.2d 316 (1992). It is also well settled that "where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) Young v. Chase, 18 Conn. App. 85, 90,557 A.2d 134 (1989), citing Carpenter v. Planning ZoningCommission, 176 Conn. 581, 598, 409 A.2d 1029 (1979); see alsoGarrett v. Groton Zoning Board of Appeals, Superior Court, judicial district of New London at New London, Docket No. 523119, (May 31 1994, Austin, J.) (same).
The plaintiff avers that "[a]t a regularly scheduled meeting of the Meriden Zoning Board of Appeals held on August 6, 1996, CT Page 629 the Meriden Zoning Board of Appeals rejected the plaintiff's request to issue the special exception." Pursuant to General Statutes § 8-8, the plaintiff had a statutory right to appeal that decision to the superior court.[9] In this present mandamus action, the plaintiff seeks to test the very same issue that an administrative appeal would test: whether the Meriden ZBA is under a duty to issue the certificate of variance or special exception. The plaintiff's application for an order of mandamus must fail because the plaintiff had an adequate remedy at law in an administrative appeal of the ZBA's denial of its request to have the certificate of variance or special exception issued.
 Conclusion
Accordingly the plaintiff's prayer for an order of a mandamus is denied.
Frank S. Meadow Judge Trial Referee