HARRY H. KLEINMAN, CONSERVATOR (ESTATE OF
CHARLES H. MILLER) *v.* BEVERLY MILLER
MARSHALL ET AL.
(11419)

PETERS, HEALEY, PARSKEY, GRILLO and SPONZO, Js.

Argued January 10—decision released March 20, 1984

*Beverly Miller Marshall,* pro se, the appellant (named defendant).

*Wayne W. Sargent,* for the appellant (defendant Tillie Miller).

*John F. Kearns III,* with whom, on the brief, was *Thomas F. Parker,* for the appellee (plaintiff).

PARSKEY, J. This action was brought by Harry H. Kleinman, the conservator of the estate of Charles H. Miller, to nullify the conveyance of real estate from Miller to his daughter, the defendant Beverly Miller Marshall, and to obtain other relief. The trial referee found that, at the time of the conveyance: Miller was incompetent; there was inadequate consideration for the conveyance; and Marshall exercised undue influence over her father and breached the fiduciary duty she

owed him under a power of attorney. As a result, the court set aside the conveyance and ordered Marshall to account for the rents she received from the property. In this appeal which she presses on behalf of herself and her mother Tillie Miller, who intervened as a defendant, Marshall challenges these findings as unsupportable and submits that the death of Charles Miller rendered the case moot. Although we find no reason to question the court's findings of fact, we do find that the death of Charles Miller prior to the issuance of the trial court's memorandum of decision may have rendered this case nonjusticiable. We find it necessary to remand for a determination of whether there was an actual controversy before the court below.

The trial court[1] found the following facts: On March 26, 1979, Beverly Marshall's son applied to the Hartford District Probate Court for the appointment of a conservator for his grandfather, Charles Miller. Notice of the application and the hearing scheduled for April 17, 1979, was served on Miller and his wife Tillie Miller on April 4, 1979, and was mailed to Beverly Marshall, who was managing her father's business affairs pursuant to a power of attorney executed to her in 1973. On April 12, 1979, prior to the hearing on the application, Charles Miller executed a quitclaim deed which conveyed property located at 902-910 Wethersfield Avenue in Hartford to Marshall. The deed was recorded on April 24, 1979.

Having been postponed from April 17, the hearing on the conservatorship was held on April 25, 1979. After the hearing, the court appointed Harry H.

---

[1] This case was originally referred to Hon. Abraham Borden, state trial referee, who held a lengthy hearing but died before rendering a decision. The case was then referred to Hon. Louis Shapiro, state trial referee. On November 18, 1981, the parties stipulated that Judge Shapiro could base his decision on the record developed before Judge Borden, but that, if he wished, he could question the parties or their attorneys or recall a witness.

Kleinman[2] as conservator of Miller's estate. Shortly after his appointment, Kleinman sued to set aside the conveyance of the Wethersfield Avenue property on the grounds that at the time of the execution of the deed, Marshall knew her father was incompetent and that an application for a conservator had been filed; she procured the conveyance without adequate consideration; she converted the rents from this property to her own use; and she breached the fiduciary duties she owed her father under the power of attorney.

On February 4, 1982, after the conclusion of the hearing but before the court rendered its decision, Charles Miller died. On April 20, 1982, Marshall was appointed executrix of the estate. She was subsequently removed as executrix and replaced by Frank Stangle, who, on May 11, 1983, was substituted as the plaintiff-appellee in this appeal. On April 22, 1982, the trial court rendered its decision which set aside the conveyance. The memorandum of decision makes no reference to Charles Miller's death.[3]

The defendants'[4] challenge to the merits of the decision need not detain us long. They claim that the court erred in crediting the testimony of certain witnesses while not crediting the testimony of others. This is

---

[2] Kleinman died on November 29, 1981, and Harold Keith was appointed by the Probate Court as conservator.

[3] Ordinarily, Miller's death would not have deprived the trial court of jurisdiction to render a proper judgment, for the court could have issued its decree nunc pro tunc or, postjudgment, it could have amended the record of the proceedings so that the judgment would be considered nunc pro tunc. *Hennessy* v. *Denihan*, 110 Conn. 646, 648–49, 149 A. 250 (1930). The effect of this equitable principle is that the judgment is considered as having been rendered subsequent to the hearing but prior to the date of death. Id., 648. Though we recognize the efficacy of this concept, given the strong possibility that there was no justiciable controversy, such an order would have been unjustified in this case.

[4] As stated earlier, on April 21, 1981, Tillie Miller intervened as a party defendant. At oral argument, through her counsel, she supported Marshall's positions.

merely a request to this court to substitute the defendants' version of the facts for those found by the court, which we will not do. It is well settled that this court will not disturb the trial court's factual findings unless they are clearly erroneous. *Lupien* v. *Lupien,* 192 Conn. 443, 472 A.2d 18 (1984); Practice Book § 3060D. Upon review of the record, we cannot say that the trial court's findings were clearly erroneous.

Similarly, the defendants' other contentions do not give us pause. Their claim that the trial court did not have the complete record is unsubstantiated and their charge that a number of persons involved in the proceedings had conflicts of interest are not before this court because they were not raised below. Practice Book § 3063.

This, however, does not end the case. Charles Miller's death, which occurred prior to the rendering of the decision, terminated the conservatorship; General Statutes § 45-77; and title to his property passed to his heirs, subject to the right of administration. *Satti* v. *Rago,* 186 Conn. 360, 365, 441 A.2d 615 (1982). The administrator of the estate became the plaintiff in this case. As administrator, his role is to protect the estate for the benefit of all those interested in it; *O'Connor* v. *Chiascione,* 130 Conn. 304, 307–308, 33 A.2d 336 (1943); 2 Locke & Kohn, Connecticut Probate Practice § 379; in this case, the beneficiaries and the creditors. The defendants have insisted that they are the sole beneficiaries of Miller's estate. Although there is no finding in the record to that effect, at oral argument counsel for the plaintiff conceded this to be true. He also conceded that the estate is solvent and that there is other property in it that could be sold to pay the creditors. Thus, if the defendants are the only persons interested in the Wethersfield Avenue property, and they have no objection to the conveyance, there is no longer a controversy.

In the absence of a justiciable controversy, the courts have no jurisdiction. There is no controversy if the interests of the parties are not adverse. *State* v. *Nardini,* 187 Conn. 109, 111–12, 445 A.2d 304 (1982). If it is indeed true that the defendants are the sole beneficiaries of the estate, then at the death of Charles Miller, the interests of the parties ceased to be adverse. In effect, the plaintiff continued to sue the defendants for the benefit of the defendants. The trial court should have dismissed the case.

Though the plaintiff's counsel conceded that the defendants were the sole beneficiaries of the estate and that there are sufficient assets in the estate to pay all debts and administration expenses, we prefer to remand to the trial court for findings on these matters. If the trial court finds that the defendants are the sole beneficiaries of the estate and that there are sufficient assets in the estate to pay its debts and administration expenses, in which case there is no justiciable controversy, the judgment is set aside and the trial court is directed to dismiss the action. If the trial court finds otherwise, there is no error.

In this opinion the other judges concurred.