[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE RECONSIDERATION OF MOTION TO DISMISS APPEAL #104
The plaintiffs, Salvatore Rizzo and William G. Grady, filed the present application on October 5, 1992, to remove James Salonia CT Page 10197 and Joseph Marino as co-conservators of the defendant, the Estate of Angelina Rizzo. The plaintiffs base their application for removal on an alleged conflict of interest between the conservators' duty to the Estate of Angelina Rizzo and their remaindermen status under the will of Lucy Magnano, in which the Estate of Rizzo also has an interest. Marino had since passed away, and therefore Salonia is now a sole conservator. The probate court (Marino, J.) denied the application for removal on March 10, 1993, because it could not find either that the co-conservators were incapable of executing their trust or that they neglected to perform their duties. The plaintiffs filed a motion for appeal on April 5, 1993, and the defendant subsequently filed a motion to dismiss the appeal on May 25, 1993, challenging the plaintiffs' standing to bring the appeal based on their lack of aggrievement. The court (Walsh, J.) granted the motion to dismiss as to Salvatore Rizzo, but denied it with regard to plaintiff Grady, a court-appointed attorney for Angelina Rizzo.
On October 13, 1993, Angelina Rizzo died. The defendant now moves the court for reconsideration based on this occurrence, arguing that the present application for removal is now moot. "A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Citations omitted, internal quotation marks omitted.) Hallas v. Windsor,212 Conn. 338, 347-48, 562 A.2d 499 (1989). "[B]efore a claimed controversy is entitled to a resolution on the merits it must be justiciable." Id., 347. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute; (2) that the interests of the parties be adverse; (3) that the matter in controversy be capable of being adjudicated by judicial power; and (4) that the determination of the controversy will result in practical relief to the complainant. Id.
Under General Statutes 45a-660(a)(3), Angelina Rizzo's death terminated the conservatorship. Kerin v. Strangle, 209 Conn. 260,266-67, 550 A.2d 1069 (1988); Kleinman v. Marshall, 192 Conn. 479,483, 472 A.2d 772 (1984). The court is therefore presented with an appeal of an application to remove a conservator whose position has already been terminated under statutory law, and clearly a court cannot remove a conservator when there is no conservator to proceed against. This being the case, the present appeal has been rendered moot. The defendant Salonia is now required to deliver his ward's property to the executor or administrator of the ward's estate, and to file a final account with the probate court. General Statutes45a-660(b)(1). CT Page 10198
Upon reconsideration and based upon subsequent occurrences as aforesaid, Motion to Dismiss Appeal of May 25, 1993, #104 is granted.
WALSH, JOHN, J.