[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 28, 1996
FACTS
On September 18, 1995, the plaintiff, Norbert Mayer, filed a one-count complaint against the defendants, Biafore, Florek 
O'Neill, and Martin O'Neill, alleging a cause of action for legal malpractice. The plaintiff retained the defendants to represent him in a personal injury action involving a motor vehicle accident in New York on or about March 31, 1989. On or about May 5, 1994, the defendants settled the plaintiffs personal injury suit with the tortfeasors for $10,000, the limit of their liability insurance policy. The plaintiff, however, suffered damages in excess of $10,000. At the time of the accident, he was insured with Aetna Casualty Surety Company (Aetna). Aetna's policy provided the plaintiff with $300,000 in underinsured motorist coverage. Aetna denied the plaintiffs request for underinsured motorist benefits. The plaintiff claims that the defendants failed to bring a suit against Aetna and his claim for underinsured motorist benefits is now barred by the limitation periods ascribed by the law and Aetna's policy. The plaintiff claims that he lost his underinsured motorist claim against Aetna due to the defendants' malpractice. The plaintiff has never filed suit against Aetna seeking underinsured motorist benefits.
The defendants filed a motion to dismiss the plaintiffs complaint for lack of subject matter jurisdiction. The defendants argue that the plaintiffs malpractice claim is not ripe because he may prevail in a suit against Aetna and recover underinsured benefits. In support thereof, the defendants submitted a letter by Aetna to them on April 10, 1991 indicating that Aetna knew of the plaintiffs underinsured motorist claim.
On February 9, 1996, the plaintiff filed an objection to the CT Page 4821 defendants' motion to dismiss. The plaintiff argues in his memorandum in opposition to the motion that the law indicates that his action against Aetna is barred by the applicable limitation periods. Accordingly, the plaintiff claims that his suit against the defendants is ripe and the courts should deny the motion to dismiss.
DISCUSSION
A party may raise the issue of subject matter jurisdiction on a motion to dismiss. Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "Connecticut courts have considered non-justiciability as a ground for dismissal based on lack of subject matter jurisdiction." (Internal quotation marks omitted.) Neylan v. Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072 (December 6, 1993) (Zoarski, J.). "In the absence of a justiciable controversy, the courts have no jurisdiction." Kleinman v.Marshall, 192 Conn. 479, 484, 472 A.2d 772 (1984). "Ripeness is equated with the justiciability of a claim" and is an appropriate ground for a motion to dismiss. (Internal quotation marks omitted.) Neylan v. Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072 (December 6, 1993) (Zoarski, J.).
In Neylan v. Pinsky, the court dismissed a legal malpractice action because the underlying personal injury action was still pending. Id. The court stated that "[a] legal malpractice claim is premature if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence." (Internal quotation marks omitted.) Id., citing Heritage Square Associates v. Blum,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117855, 7 CONN. L. RPTR. 103 (July 21, 1992) (Nigro, J, 7 CSCR 992). Since the underlying claim was still pending, the court concluded that the plaintiff may still recover despite the attorney's alleged malpractice. Neylan v. Pinsky,
Superior Court, judicial district of New Haven, Docket No. 347072 (December 6, 1993) (Zoarski, J.). Therefore, the court concluded that the plaintiff's malpractice case was premature and, thus, dismissed the malpractice suit for lack of subject matter jurisdiction. Id.
On April 10, 1991, Aetna sent the defendants a letter stating that Aetna knew about the plaintiff's underinsured motorist claim and that the defendants should contact Aetna to settle this CT Page 4822 matter once they settled the underlying liability action. The defendants did not settle the plaintiff's underlying liability suit until May 5, 1994. Therefore, it appears that the plaintiff's underinsured motorist claim was pending on December 8, 1992 and, thus, the claim may be saved by § 3 of P.A. 93 77.[1] See Bayusik v. Nationwide Mutual Ins. Co., 233 Conn. 474,484-85, 659 A.2d 1188 (1995) (holding that if § 3 of PA 93-77 applies, then Connecticut's six-year limitation period governs the underinsured action and not § 2(e) of PA 93-77, codified as General Statutes § 38a-336 (g)). A finding that plaintiff's claim is not barred by the statute of limitations will not be binding on Aetna since Aetna is not a party to this suit. Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 403,546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989). A proper determination involving the appropriate parties, would be between Aetna and the plaintiff, regarding the viability of the plaintiff's underinsured motorist claim. Until a court, having the proper parties before it, has decided whether the plaintiff's underinsured motorist claim is time barred, the plaintiff has not suffered any loss because he may still be permitted to recover underinsured benefits from Aetna. Therefore the plaintiffs suit against the defendants is premature and, therefore, not yet ripe for adjudication. The court grants the defendants' motion to dismiss.
GROGINS, J.