HOWARD B. SOSIN ET AL. *v.* ROBERT D. SCINTO ET AL.
(AC 18336)

O'Connell, C. J., and Mihalakos and Daly, Js.[1]

Argued September 27, 1999—officially released May 9, 2000

*James R. Warnut, Jr.*, with whom were *Joseph F. McKeon, Jr.*, and, on the brief, *J. Daniel Sagarin* and *David A. Slossberg*, for the appellants (plaintiffs).

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Stephanie Z. Roberge*, with whom, on the brief, was *Robert K. Lesser*, for the appellees (defendants).

DALY, J. The plaintiffs, Howard B. Sosin and Susan F. Sosin, appeal from a partial judgment[2] of the trial court dismissing four counts of their five count complaint, which alleged breach of a construction contract between the plaintiffs and the defendants, Robert D. Scinto, Barbara A. Scinto (defendants) and R. D. Scinto, Inc. (corporate defendant). On appeal, the plaintiffs claim that the court improperly (1) held that the contractual controversies were not justiciable because of a then pending appeal[3] in a separate injunction action involving arbitration of the same breach of contract claims and (2) granted in part the defendants' motion to dismiss instead of staying the proceedings. We affirm the judgment of the trial court.

[2] Because all counts (counts one and two) against R. D. Scinto, Inc., the corporate defendant, were dismissed by the trial court, the plaintiffs have an immediate right of appeal. See Practice Book § 61-3; *Burns* v. *Board of Education*, 228 Conn. 640, 644 n.3, 638 A.2d 1 (1994). The trial court dismissed only counts three and five against the individual defendants, Robert D. Scinto and Barbara A. Scinto, leaving count four for adjudication. Practice Book § 61-4 (a) provides in relevant part: "When the trial court renders a judgment [that does not dispose of an entire complaint or all the causes of action in a pleading brought by or against a party], such judgment shall not ordinarily constitute an appealable final judgment. Such a judgment shall be considered an appealable final judgment *only if* the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs. . . ." (Emphasis in original.) In the present case, the trial court did make such a written determination and the Chief Judge of the Appellate Court concurred. The four dismissed counts of the plaintiffs' complaint are, therefore, appealable.

[3] Subsequent to the trial court's judgment dismissing four of the five counts of the complaint, we affirmed the prior judgment of the trial court that had enjoined the plaintiffs from compelling the defendants to arbitrate the breach of contract claims. See *Scinto* v. *Sosin*, 51 Conn. App. 222, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999).

Since "this appeal is from the dismissal of a complaint we must rely wholly upon the facts alleged therein." *Pellegrino* v. *O'Neill*, 193 Conn. 670, 672, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984). The defendants were the owners of the corporate defendant, a construction company that began construction on the defendants' house prior to November 15, 1990. While working on this project, the defendants experienced financial difficulty and sought to sell the property.

On or about November 15, 1990, the plaintiffs entered into a purchase and sale agreement with the defendants. The property included a 20,750 square foot residence and a 2400 square foot maid's house, which, at the time, was under construction. The construction project was so large and substantially under way that it was essential for the plaintiffs to have continuity on the project. Because the defendant, Robert D. Scinto, held out the corporate defendant as being fully capable of completing the project, the plaintiffs entered into a construction contract with the corporate defendant to complete the project. At the same time that the parties entered into the purchase and sale agreement, the defendants jointly and severally, and personally and expressly, guaranteed the performance of all the terms and provisions of the construction contract.

The corporate defendant began work on the house for the plaintiffs following the execution of the construction contract. The construction contract called for the corporate defendant to complete the project by October 1, 1991. During construction, however, the defendants and the corporate defendant experienced enormous financial difficulty. Consequently, there were numerous delays and problems with the construction.

As of May, 1992, the house was unfinished. Around that time, Robert D. Scinto, knowing that he was failing

on the job, sought a release of the guarantee obligations of his wife, Barbara A. Scinto.[4] As purported consideration for the release, he promised prompt and certain completion of the project. On or about May 1, 1992, the plaintiffs, hoping to get the project completed in time for their daughter's birthday on August 27, 1992, executed a release of Barbara A. Scinto's guarantee. As of December, 1992, however, the house remained unfinished. On December 2, 1992, the corporate defendant, having failed to perform under the contract, aborted the project. At that time, the project was in an incomplete and defective state. Thereafter, on or about November 13, 1996, the plaintiffs commenced arbitration proceedings with the American Arbitration Association in which they sought damages.[5]

On April 1, 1997, the defendants instituted an action in the Superior Court seeking a temporary and permanent injunction barring the plaintiffs from arbitrating certain claims that the defendants asserted were not properly arbitrable. On May 22, 1997, the trial court issued a temporary and permanent injunction barring the plaintiffs from compelling the defendants and the corporate defendant to arbitrate. The plaintiffs appealed from that judgment.[6] *Scinto* v. *Sosin*, 51 Conn. App. 222, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999).

The complaint in this action dated July 11, 1997, set forth five counts, four of which the court dismissed.[7] In counts one and two, the plaintiffs alleged, inter alia, that the corporate defendant breached the contract by

[4] Robert D. Scinto claimed that he sought the release of his wife's guarantee because its existence was upsetting to him.

[5] The construction contract provided for arbitration of "[a]ny controversy or claim arising out of or related to the contract or the breach thereof . . . ."

[6] At the time the trial court rendered judgment on the defendants' motion to dismiss the present action, the appeal was still pending. See footnote 3.

[7] Counts one, two, three and five of the complaint were dismissed.

failing to (1) perform under the terms of the contract, (2) meet the construction deadline and (3) correct defects in the construction of the residence. The plaintiffs alleged that they were damaged due to those failures.

In count three, the plaintiffs alleged that the release as to Barbara A. Scinto was void for lack of consideration because the corporate defendant, prior to the release, already was obligated to complete the project in a timely fashion. As a result of the corporate defendant's failure to complete the project on time, the plaintiffs alleged that they were damaged.

In count five, the plaintiffs alleged that the defendants had complete control of the finances, policies and business practices of the corporate defendant, and that any release of the individual defendants as guarantors was invalid because they controlled the corporate entity. Therefore, the plaintiffs alleged that the individual defendants were jointly, severally and individually liable for damages to the extent that the corporate defendant was obligated to them.

The defendants filed a motion to dismiss the complaint, arguing that the claims that the plaintiffs asserted were contingent on the outcome of the injunction action and, thus, not justiciable because they were not yet ripe for review. The court agreed with the defendants as to counts one, two, three and five, and dismissed those counts as not justiciable. The plaintiffs filed this appeal.

I

The plaintiffs claim that the court improperly dismissed counts one, two, three and five of the complaint on the ground that the contractual controversies were not justiciable because of the then pending appeal in the separate injunction action, which involved the arbi-

trability of the same breach of contract claims. We disagree.

"In the absence of a justiciable controversy, the courts have no jurisdiction." *Kleinman* v. *Marshall*, 192 Conn. 479, 484, 472 A.2d 772 (1984). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) *Pellegrino* v. *O'Neill*, supra, 193 Conn. 674.

The present case is analogous to *American Premier Underwriters, Inc.* v. *National Railroad Passenger Corp.*, 47 Conn. App. 384, 704 A.2d 243 (1997), cert. denied, 244 Conn. 901, 710 A.2d 174 (1998). In *American Premier Underwriters, Inc.*, the trial court looked to the plaintiff's complaint and found that each count relied on a threshold determination by the Special Court, a court that had been created by an act of Congress relative to the restructuring of rail service in the Northeast. Id., 386. The trial court found that "[a]n essential element of the causes of action pleaded by the plaintiff in its five count complaint had not been determined . . . ." Id., 389. Because the Special Court had not decided the threshold issue at the time the trial court heard the motion to dismiss, the claims at issue in the trial court could not have been determined. Id. The trial court, therefore, found that "[b]ecause the issue before the Special Court had not been resolved, the matter in controversy [before the trial court was incapable] of being adjudicated by judicial power"; (internal quotation marks omitted) id., 390; and the plaintiff's claims were not ripe and not justiciable.

Understanding the nature of the plaintiffs' claims in this case is essential to a proper analysis of whether

those claims meet the justiciability test. The plaintiffs fail to recognize the significance of their pleadings and the elements essential to their claims in their argument. Counts one[8] and two[9] of the plaintiffs' complaint specifically assert claims for damages to the extent those damages cannot be recovered in arbitration. The gravamen of the plaintiffs' claim in count three is for damages resulting from the breach of the construction contract. The plaintiffs allege in count five that the defendants used the corporate entity to commit wrong against them, which is merely another theory by which the plaintiffs may recover on the breach of contract claim. Therefore, each of those claims is an action specifically seeking damages.

At the time the court heard and decided the defendants' motion to dismiss, the appeal to this court on the granting of the injunction against compelling arbitration still was pending. A reversal in the injunction action would force the trial court to suspend judgment until damages were set forth in arbitration because the plaintiffs seek damages to the extent they cannot recover in arbitration. Therefore, had the court proceeded with the trial before learning the fate of the injunction action, it would have had no way of determining the actual amount of damages. The claims at issue in the trial court could not have been determined because, as in *American Premier Underwriters, Inc.*, essential elements of the four counts dismissed had not been determined, i.e., whether the plaintiffs' claims for damages

[8] Count one alleges that the plaintiffs seek to recover damages in this action "[t]o *the extent plaintiffs cannot recover damages in arbitration* for claims relating to construction work [the corporate defendants] performed . . . before November 15, 1990." (Emphasis added.)

[9] Count two not only incorporates the language in count one, but also alleges that the plaintiffs seek to recover damages in this action "[t]o *the extent plaintiffs cannot recover damages in arbitration* for claims relating to construction work not performed and/or constructed and/or managed . . . after November 15, 1990." (Emphasis added.)

were susceptible to arbitration and, if so, what the actual amount of damages would be.

The two substantive cases cited by the plaintiffs, *ALCA Construction Co.* v. *Waterbury Housing Authority*, 49 Conn. App. 78, 713 A.2d 886 (1998), and *Fishman* v. *Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985), were inapplicable to the present case because those cases did not involve a situation in which essential elements of the plaintiffs' claims were contingent on the outcome of the pending action.

In the present case, because the plaintiffs' claims were contingent on the outcome of the unresolved injunction action, the matter in controversy before the trial court could not have been adjudicated by judicial power. We conclude, therefore, that the trial court properly granted the defendants' motion to dismiss due to its lack of subject matter jurisdiction because the claims were not ripe and not justiciable.

## II

The plaintiffs' final claim is that the trial court improperly dismissed the counts in question instead of staying the proceedings. We disagree.

"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . As a result, the trial court was required to address the jurisdictional challenge before ruling on other motions and, once it decided that it lacked subject matter jurisdiction, it was bound and required to dismiss the [claims at issue]. . . . Accordingly, nothing was left before the trial court on which to act. . . . Therefore, the trial court could not properly have addressed the [plaintiffs']

motion for a stay." (Citations omitted; internal quotation marks omitted.) *American Premier Underwriters, Inc.* v. *National Railroad Passenger Corp.*, supra, 47 Conn. App. 390.

The trial court properly decided that it lacked subject matter jurisdiction because the four counts of the complaint relative to the alleged breach of contract were not justiciable. Accordingly, the court was bound and required to dismiss those counts.

The judgment is affirmed.

In this opinion the other judges concurred.