[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 ISSUE
Commercial Capital Corporation, the plaintiff, brings a Motion for Summary Judgment on the ground that there is no genuine issue as to any CT Page 11080 material fact and that the plaintiff is entitled to judgment as a matter of law.
The Motion for Summary Judgment is granted.
 FACTS
On July 19, 1999, the plaintiff, Commercial Capital Corp., filed this action, seeking to collect a balance due under a note against two co-makers of the note, the defendants, Timothy M. Connelly (Connelly) and The Manor Collection, LLC. On February 12, 1997, the defendants executed the note, in the amount of $60,000, together with a third co-maker, William T. Hofferth, who was not named a defendant in this case.
In his answer and special defense, filed on November 10, 1999, Connelly admitted the following: making the note, acceleration of the debt, the plaintiff's entitlement to attorney's fees and cost, and his failure to make the payment due. He denied, however, that the payment was due, or that he owed the plaintiff the outstanding amounts due on the note. He left the plaintiff to its proof as to the remainder of its complaint.
The defendant alleged in the special defense that the plaintiff was barred from recovery by operation of the covenant of good faith and fair dealing. On December 27, 1999, the plaintiff filed a motion to strike the special defense. On May 4, 2000, the court, Gordon, J., issued a memorandum of decision, granting the motion to strike the special defense.
On July 17, 2000, the plaintiff filed the present motion for summary judgment, supported by a memorandum of law and an affidavit. The defendants have not filed an objection to the motion or submitted any memorandum of law or affidavit in opposition to the motion.
 DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, 213 Conn. 277, 279-80,567 A.2d 829 (1989); see also Practice Book § 17-45 (proceedings upon motion for summary judgment). "The [summary] judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof CT Page 11081 submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
In his Answer, Connelly admitted that he executed the promissory note as a co-maker, payable to the order of the plaintiff, and that the he had not paid the amount due. An admission in the defendant's answer is a judicial admission conclusive on the defendant, and the matter admitted is not in issue. See Cross v. Hudon, 42 Conn. App. 59, 65, 677 A.2d 1385
(1996) ("The admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader."). Connelly did not dispute the plaintiff's allegation in the complaint that it was the holder of the note or that it was entitled to enforce the note. The plaintiff has submitted an affidavit by Prassana Mahadeva, a liquidation specialist employed by the plaintiff. The affidavit avers that the loan documents and the computer business records are authentic and true, that the defendants executed the note with the plaintiff on February 12, 1997, that the plaintiff is the holder of the note and is entitled to enforce the note, and that the defendants have not paid the balance due, and are indebted to the plaintiff, as of May 1, 2000, in the amount of $73,551.25, exclusive of attorney's fees and costs.
The plaintiff has met its burden of showing that there is no genuine issue as to any material fact, and the defendants have not opposed the motion for summary judgment or disputed the facts alleged by the plaintiff The court finds, therefore, that there is no genuine issue as to any material fact. "Because the plaintiff [moves] for summary judgment on this count and there [are] no contradictory affidavits, the court [can] properly [decide] the motion by looking only to the sufficiency of the plaintiff's [affidavit] and other proof" Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995).
The court finds that the plaintiff is entitled to judgment as a matter of law. The Uniform Commercial Code (UCC) provides that "the holder of the instrument" is "entitled to enforce" the instrument. General Statutes § 42a-3-301. The UCC defines the term "holder" as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." General Statutes § 42a-1-201 (20). It is undisputed that the note is payable to the order of the plaintiff, and the plaintiff is therefore the "identified person" to whom the note is payable. It is also undisputed that the plaintiff is in possession of the note. The plaintiff is, therefore, the holder of the note within the meaning of Statutes § 42a-1-201 (20). As a holder of the note, the plaintiff is, therefore, entitled to enforce the note. See General Statutes §42a-3-301. CT Page 11082
Upon default, a secured creditor has multiple remedies against both the debtor and the secured property. "[T]he plaintiff is entitled to pursue its remedy at law on the [note], or to pursue its remedy in equity upon the mortgage, or to pursue both." (Internal quotation marks omitted.) NewMilford Savings Bank v. Jajer, 244 Conn. 251, 266, 708 A.2d 1378 (1998). This note collection action at law is, therefore, proper.
Co-makers of the note are jointly and severally liable for the note under the UCC. General Statute § 42a-3-116 ("two or more persons who have the same liability on an instrument as makers . . . are jointly and severally liable in the capacity in which they sign"). Joint and several liability means that the plaintiff may look to any one of the co-makers to satisfy the full amount of its damages. See Alvarez v. New HavenRegister, Inc., 249 Conn. 709, 717, 735 A.2d 306 (1999). Accordingly, Connelly is jointly arid severally liable for the note, and the plaintiff may look to him alone to satisfy the debt.
The plaintiff as the holder of the note is entitled to enforce and collect on the note in an action at law, and the defendants are jointly and severally liable for the note. Accordingly, the plaintiff is entitled to judgment as a matter of law.
The Motion For Summary Judgment is granted.
THOMAS P. MIANO JUDGE