[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#106)
 FACTS
The plaintiffs, Patrick Buzzee and Julia Buzzee,[1] filed a three count amended complaint on December 4, 2000. In the first count of the amended complaint, the plaintiffs allege the following facts. On or about July 7, 1997, a building and certain personal property owned by the plaintiffs at 1009 Ocean Avenue, New London, were damaged by a fire. The plaintiffs' property was insured by Travelers Property and Casualty Insurance Company (Travelers). The plaintiffs retained the defendant law firm, Suisman, Shapiro, Wool, brennan, Grey Greenberg, P.C., in regard to the plaintiffs' insurance claims, and the defendant subsequently contacted Travelers. On March 16, 1998, Travelers denied the claim filed by the plaintiffs in regard to the fire. Shortly thereafter, the plaintiffs met with an attorney from the defendant law firm to request the filing of an action against Travelers to recover insurance proceeds. The attorney advised the plaintiffs that they would have a minimum of three years to file an action against Travelers.
The plaintiffs' policy with Travelers contained the following provision: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing the loss or damage." On July 7, 1998, one year after the fire, the defendant had not filed an action against Travelers. On June 30, 1999, the defendant again advised the plaintiffs that their claim against Travelers could be brought within three years of the date of the fire under General Statutes § 52-577
or, in the alternative, within six years under General Statutes §52-576. The plaintiffs relied on the defendant's advice and have suffered financial damages and emotional distress as a result.
In the second count, the plaintiffs repeat the allegations of the first count and allege that the defendant breached an implicit agreement to represent the plaintiffs in accordance with the standard of ordinary care. In the third count, the plaintiffs repeat the allegations of the first count and allege that the defendant was negligent in failing to properly supervise and monitor its employees' and/or partners' activities.
On December 29, 2000, the defendant filed a motion to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter. According to the defendant's motion, the present action does not present a justiciable issue because an underlying action on which it is based is still pending, thus rendering the present action premature. In support of its motion, the defendant has submitted a memorandum of law, a reply memorandum, and copies of the complaint, CT Page 7259 answer and case detail list in the case of Travelers Property CasualtyIns. Co. v. Buzzee, Superior Court, judicial district of Hartford, Docket No. 579031. The plaintiffs have filed a memorandum of law in opposition to the motion to dismiss.
 DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "[A] challenge to the court's subject matter jurisdiction may be made at any time." Goodson v.State, 232 Conn. 175, 179, 653 A.2d 177 (1995); see also Practice Book § 10-33. "[W]hen a motion to dismiss does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . . A motion to dismiss may raise issues of fact and would, therefore, require hearing to determine the facts. . . . Where, however, no genuine issue as to a material fact exists a hearing is not required because the motion merely presents a question of law as applied to the facts well pleaded." (Citations omitted; internal quotation marks omitted.) Sagamore Group, Inc. v. Commissioner of Transportation,29 Conn. App. 292, 298, 614 A.2d 1255 (1992)
"A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) Mayer v. Biafore, Florek O'Neill, 245 Conn. 88, 91,713 A.2d 1267 (1998)
The defendant argues that this malpractice action should be dismissed because the plaintiffs' right of recovery is contingent on the outcome of a pending action filed against the plaintiff Patrick Buzzee by Travelers. The complaint filed by Travelers in the underlying action alleges that the fire for which the plaintiffs seek payment was intentionally set by Patrick Buzzee or at his direction, and that the plaintiffs' insurance policy excludes such acts from coverage. Travelers seeks damages in the amount of its payments made under the policy to the plaintiffs and to a mortgage holder. Patrick Buzzee has filed a counterclaim in that action seeking full payment under the insurance policy. CT Page 7260
In their memorandum of law, the plaintiffs concede that recovery in the present case "requires the plaintiff to suffer actual damages in the underlying action." The plaintiffs also concede "that the [present] action is premature . . . Accordingly, although the defendant's motion relies on facts outside the complaint, those facts are undisputed, and the motion to dismiss presents a question of law as applied to the facts. See Sagamore Group, Inc. v. Commissioner of Transportation, supra, 29 Conn. App. 298.
The Appellate Court has held that where a plaintiff's claims are contingent on the outcome of an unresolved underlying action, those claims are not ripe and not justiciable, and the plaintiff's action should be dismissed for lack of subject matter jurisdiction. Sosin v.Scinto, 57 Conn. App. 581, 588, 750 A.2d 478 (2000); American PremierUnderwriters, Inc. v. National Railroad Passenoer Corp., 47 Conn. App. 384,390, 704 A.2d 243 (1997), cert. denied, 244 Conn. 901, 710 A.2d 174
(1998). Because this action, as conceded by the plaintiffs, is contingent on the outcome of the underlying action between Travelers and the plaintiffs, this court lacks subject matter jurisdiction.
The plaintiffs rely on Mayer v. Biafore, Flork O'Neill, supra,245 Conn. 88, in which a plaintiff sought to recover damages for the alleged malpractice of an attorney in failing to commence an action for uninsured motorist benefits within the applicable limitations period. The Supreme Court held that where the causation and damages elements of a malpractice claim depend on a simple fact determination as to whether the statute of limitations has expired, the issue may be submitted to the finder of fact in the malpractice case, rather than being litigated in a separate prior proceeding: "To require that the underlying dispute as to [the plaintiff's] rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiff's remedy against the allegedly negligent lawyer." Id., 92.
The holding in Mayer does not govern the present case. Another judge of this court has stated: "It is clear from the words `in all cases' that the Supreme Court, while abolishing a blanket rule that prohibited proceeding on a legal malpractice case while the underlying matter was still pending, did not establish a new rule that permitted such a practice in all cases. Rather, the Supreme Court's decision requires trial courts to decide whether the determination of damages is contingent upon other matters and whether other viable remedies are available."Fontanella v. Marcucci, Superior Court, judicial district of New Haven at New Haven, Docket No. 419358 (July 15, 1999, Silbert, J.) (25 Conn.L.Rptr. 105, 106).
Here, the plaintiffs' recovery is contingent not on a simple CT Page 7261 application of the statute of limitations, but on multiple issues including the application of a contractual limitations period and Patrick Buzzee's alleged responsibility for the fire. These are the very issues to be litigated in the pending action between Travelers and Patrick Buzzee. Until those issues have been determined in the underlying action, there is no basis for the finder of fact in the present case to determine whether the plaintiffs have suffered a loss entitling them to damages. Although Travelers could prevail in the underlying action on the basis of the contractual limitations clause in the insurance policy, Travelers could also prevail by proving that Patrick Buzzee set the fire that caused the damage to the plaintiffs' property. In the latter scenario, any loss to the plaintiffs would not be caused by the alleged negligence of the defendant.
The plaintiffs argue, however, that this action should be stayed, rather than dismissed, so that the plaintiffs may avoid the consequences of the running of the statute of limitations. This argument was rejected by the Appellate Court in Sosin v. Scinto, supra, 57 Conn. App. 581. The court in that case stated: "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . As a result, the trial court was required to address the jurisdictional challenge before ruling on other motions and, once it decided that it lacked subject matter jurisdiction, it was bound and required to dismiss the [claims at issue] . . . Accordingly, nothing was left before the trial court on which to act. . . . Therefore, the trial court could not properly have addressed the [plaintiffs'] motion for a stay." (Internal quotation marks omitted.) Id., 588-89. This court, having already determined that it lacks subject matter jurisdiction over this action, is powerless to consider the plaintiffs' request for a stay.
Furthermore, "[s]ubject matter jurisdiction may not be conferred in a matter that is not ripe for adjudication merely because the statute of limitations may run before resolution of a claim. Connecticut law has consistently recognized that a statute of repose may on occasion operate to bar an action even before it accrues. See Zapata v. Burns,207 Conn. 496, 508-509, 542 A.2d 700 (1988); Sanborn v. Greenwald,39 Conn. App. 289, 301-306, 664 A.2d 803, cert. denied, 235 Conn. 925,666 A.2d 1186 (1995)." American Premier Underwriters, Inc. v. NationalRailroad Passenoer Corp., supra, 47 Conn. App. 389 n. 10. The court lacks jurisdiction to consider the plaintiffs' argument regarding the running of the statute of limitations. CT Page 7262
 CONCLUSION
By the plaintiffs' own concession, the present action is premature because recovery is contingent on the resolution of issues in an underlying unresolved action. The action is therefore not ripe and not justiciable. Because this conclusion deprives the court of subject matter jurisdiction, the action may not be stayed in order to protect the plaintiffs from the consequences of the applicable statute of limitations or statute of repose. The motion to dismiss is granted.
Martin, J.