[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION TO DISMISS
By way of a Complaint dated, July 21, 2001, the plaintiff alleges that on or about June 1, 2000, he delivered to the defendant a civil process CT Page 14833 for an action to be brought by the plaintiff. The defendant was a Deputy Sheriff for New London County in the state of Connecticut. Said process commanded the defendant to serve process upon Corina Brown, MSW for a civil action entitled "Mario Paul Mikolitch v. Lawrence MemorialHospital, Et Al." The plaintiff further alleges that the defendant failed to comply with the demand that Ms. Brown be served with process. Plaintiff asserts that as a result of the failure to serve, he was unable to prosecute the action against her.
For the purposes of the Motion to Dismiss, the Court will construe the facts as cited in the complaint in a manner most favorable to the plaintiff.
 . . . In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Mahoney v. Lensink, 213 Conn. 548, 567, 569 A.2d 518
(1990). . . ." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998)
Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 183 (1999)
On September 27, 2001, the defendant filed a Motion to Dismiss the instant action for lack of subject matter jurisdiction. Attached to said motion is a certified copy of a complaint, dated May 20, 2000. The original of said complaint was filed in the Superior Court, Judicial District of New London. The complaint is entitled Mario Paul Mikolitchv. Lawrence Memorial Hospital. It alleges in pertinent part that:
 On or about March 3, 2000, the defendants, Kentai, Maloney, Bennik, and Brown, entered into a conspiracy to get the plaintiff confined to Pond House 4, the psychiatric unit of of (sic) Larence (sic) Memorial Hospital. (emphasis added)
The "Brown" referred to in the May 2000 complaint is Corina Brown who is referred to in the instant action. The defendant seeks to have this action dismissed for reason of lack of subject matter jurisdiction on the grounds of ripeness.
It is well-settled law in this state that once the issue of subject matter jurisdiction has been raised it must immediately be addressed:
 Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can CT Page 14834 move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.
 Sosin v. Scinto, 57 Conn. App. 581, 588 (2000).
The ripeness issue raised by the defendant concerns the plaintiff's ability to bring an action against Ms. Corina Brown. It is the defendant's contention that since the alleged cause of action against Ms. Brown arose on or about March 03, 2000, the plaintiff can still bring it and therefore an action against the defendant for not serving the complaint is not ripe.
 "In the absence of a justiciable controversy, the courts have no jurisdiction." Kleinman v. Marshall, 192 Conn. 479, 484, 472 A.2d 772 (1984) "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Pellegrino v. O'Neill, supra, 193 Conn. 674.
Sosin v. Scinto, Supra at 586.
In the instant action, the plaintiff has brought this suit seeking damages for reason that the process server did not serve Corina Brown with process in the action that he previously filed. However, as stated in said complaint, the cause of action arose "on or about March 03, 2000."
Section 52-584 of the Connecticut General Statutes concerns the limitation on actions for injury to person or property. This statute provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be CT Page 14835 brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
The alleged controversy in this matter is that the plaintiff was not able to bring an action against Corina Brown because the defendant did not serve her. The plaintiff's alleged cause of action arose approximately twenty-two months ago, therefore, the statute of limitations has not run for the filing of an action against Ms. Brown. In light of the fact that the plaintiff still has the right to commence an action against Corina Brown, the instant action concerning a failure to serve her is not justiciable. The Motion to Dismiss is granted.
R.A. Robinson, J. October 17, 2001.